934 So.2d 34 (2006)
In re the Texas Matter of The Marriage of Vesta L. KUNTZ and Hal M. Kuntz and
In the Interest of Vesta M. Kuntz, Minor Child.
No. 2006-C-0487.
Supreme Court of Louisiana.
May 26, 2006.
*35 PER CURIAM.
Writ granted. The judgments of the trial court and the court of appeal are reversed. Because the Louisiana statutes on discovery, La.Code Civ. Proc. art. 1420 et seq., are derived from the federal rules and contain many similar provisions, Louisiana courts construing the Louisiana discovery provisions have frequently relied on federal jurisprudence under analogous federal provisions as persuasive authority. Hodges v. S. Farm Bureau Cas. Co., 433 So.2d 125, 129 (La.1983). Once a party establishes the information sought is a trade secret and that its disclosure might be harmful, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary. Centurion Indus., Inc. v. Warren Steurer and Associates, 665 F.2d 323, 325 (10th Cir.1981), Cmedia, L.L.C. v. Lifekey Healthcare, L.L.C., 216 F.R.D. 387, 390-391 (N.D.Tex.2003). This matter is remanded to the trial court for the trial court to make specific findings that the party seeking discovery of trade secrets has met her burden of showing the requested information is both relevant and necessary to her claim. The court is directed to make specific findings of relevance and necessity for each disputed discovery request. La.Code Civ. Proc. art 1422 (Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.).